UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.   8:06-cr-493-T-23EAJ
             8:11-cv-848-T-23EAJ

DANIEL SEGURA-RODRIGUEZ
_____/

**O R D E R**

Segura-Rodriguez's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiring to possess with the intent to distribute cocaine while aboard a vessel, for which he is imprisoned for 236 months. The original motion to vacate asserts three grounds of ineffective assistance of counsel. Segura-Rodriguez amended his motion to vacate (Doc. 12) and, as he specifically states in his reply to the original motion to vacate, he "has withdrawn all issues except for the ineffective assistance of counsel issues regarding counsel's failure to insure that an adequate and accurate record of Segura-Rodriguez' cooperation with the government was presented to the court at the time of sentencing." (Reply at 1, Doc. 10)  As a consequence, this action proceeds on the single claim of ineffective assistance of counsel alleged in the amended motion to vacate. (Doc. 12)

Although admitting the action's timeliness (Response at 6, Doc. 7 and at 2 - 3, Doc. 13), the United States argues that, as part of a plea agreement, Segura-Rodriguez waived his right to raise the ground asserted in the amended motion to

vacate. Segura-Rodriguez is entitled to no relief because his claim is waived and because he fails to show that counsel rendered ineffective assistance.

## PROCEDURAL HISTORY AND FACTS

Segura-Rodriguez was extradited to the United States from Columbia. Segura-Rodriguez and five co-conspirators were indicted for three counts of conspiring to possess with the intent to distribute five kilograms or more of cocaine. Segura-Rodriguez agreed to plead guilty and waived his right to appeal or otherwise challenge his sentence. In exchange the United States agreed (1) to dismiss both one count of conspiring to import five kilograms or more of cocaine and one count of conspiring to manufacture and distribute five kilograms or more of cocaine, (2) to support a three-level reduction for acceptance of responsibility, and (3) to support a sentence reduction based on Segura-Rodriguez's anticipated substantial assistance.[1] Segura-Rodriguez agreed to the following facts, as stated in the plea agreement (Plea Agreement at 14 - 15, Doc. 94):

### FACTS

> Throughout the time period alleged, the defendant agreed with his co-defendants and other co-conspirators to transport multi-ton quantities of cocaine, using commercial fishing and go-fast vessels, from the west coast of Colombia to Central America and elsewhere for ultimate importation and distribution in the United States.
>
> From at least the year 2000 up to and including December 2006, the defendant, Daniel Segura-Rodriguez-Rodriguez, was

---

[1] At sentencing Segura-Rodriguez benefitted from a two-level reduction under §5K1.1.

> the head of a drug trafficking organization, known as 'Los Pescaditos'. During this time period, the defendant owned or controlled various fishing vessels used to successfully smuggle multi-ton quantities of cocaine from the west coast of South America to Mexico for distribution in the United States. These vessels included the FVs Cielo Azul, Andres Abel and Cisne. Other vessels such as the FV Santa Barbara and Lesvos were used by the Daniel Segura-Rodriguez-Rodriguez organization to engage in similar cocaine smuggling ventures during the same time period. These vessels were interdicted by the United States Coast Guard in the Eastern Pacific Ocean, carrying multi-ton quantities of cocaine and prosecuted in the Middle District of Florida. The dates and quantities of these seizures include: FV Santa Barbara, October 2003, 1,810 kilograms; FV Cielo Azul, October 2004, 4,966 kilograms; FV Andres Abel, January 2005, 3,000 kilograms; FV Lesvos, March 2005, 4,008 kilograms; FV Cisne, August 2006, 3,933 kilograms. These vessels were Colombian-flagged fishing vessels. When contacted, the Government of Colombia in each instance consented to the enforcement of United States law against the crew, vessel and contraband.
>
> On March 11, 2009, was extradited by the government of Colombia to the United States on the instant indictment.

As part of his cooperation, Segura-Rodriguez met with agents several times. Segura-Rodriguez contends that defense counsel was ineffective for not ensuring that the district court knew about all of his assistance.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Segura-Rodriguez alleges that he was denied the ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting*

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or

omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Segura-Rodriguez must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Segura-Rodriguez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Segura-Rodriguez cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers,

in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Segura-Rodriguez pleaded guilty. Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

## **APPEAL WAIVER**

In his plea agreement Segura-Rodriguez agreed to waive his "right to appeal [his] sentence or to challenge it collaterally on any ground" except under certain inapplicable situations. (Plea Agreement at 11 - 12, Doc. 9) When he entered his

- 6 -

guilty plea, the Magistrate Judge specifically ensured that, under the terms of the appeal waiver, Segura-Rodriguez understood that he was waiving any right to challenge the district court's calculation of his sentence (Change of Plea Hearing at 19 - 21, Doc. 131):

> The Magistrate Judge: Appeal of sentence waiver. This significantly limits your right to appeal or challenge your sentence, sir, after it's imposed, and so I'm going to ask the prosecutor to read it, and then I need to talk to you about it. Thank you.
>
> Prosecutor: Your Honor, this is on pages 11 and 12 of the plea agreement. It reads, the Defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum, and expressly waives the right to appeal Defendant's sentence or challenge it collaterally on any ground . . . .
>
> The Magistrate Judge: Thank You.  Did you hear what the government stated, sir?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Do you understand this part of your plea agreement?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Have you talked with your attorney about it?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Do you understand that this really limits the issues that you can use to challenge your sentence and guilty plea after it's imposed?
>
> The Defendant: Yes.
>
> The Magistrate Judge:  Sometimes the Defendant will say or believe that his attorney didn't do something or did something

> that caused an outcome in his case and that was ineffective. I'm not suggesting in any way that you have a claim against your attorney of ineffective assistance of counsel or you will have a claim, but I need to make sure you understand that you cannot bring that claim as it relates to sentencing or guilty plea because that's not one of the three things stated in your plea agreement that you can appeal. Do you understand that?
>
> The Defendant: Okay.
>
> The Magistrate Judge: Okay. Has that aspect been discussed with your client, counsel?

After a recess during which the parties conferred about the maximum sentence possible under the terms of the extradition agreement with Columbia, the Magistrate Judge ensured that Segura-Rodriguez fully understood both his potential sentence and his waiver of the right to assert a claim of ineffective assistance of counsel based on the sentence (Change of Plea Hearing at 37 - 39, Doc. 131):

> The Magistrate Judge: But my original question to you, [Defense Counsel], which got this whole thing started was, is your client familiar with this waiver provision and have you discussed it with him?
>
> [Defense Counsel]: Yes, Your Honor, I have.
>
> The Magistrate Judge: Is he aware that he's waiving his right to make a claim of ineffective assistance of counsel?
>
> [Defense Counsel]: Yes, Your Honor, he is.
>
> The Magistrate Judge: Mr. Segura-Rodriguez, do you understand what we've been talking about here?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Do you understand you'd be giving up your right to claim your attorney was ineffective in representing you?

- 8 -

> The Defendant: Yes.
>
> The Magistrate Judge: Do you also understand that you may think you can appeal and your attorney may think you can appeal an issue, but the Court may disagree, and therefore, you would not be able to get any issue reviewed by another Court? Do you understand that?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Do you make the waiver of appeal knowingly?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Do you make it voluntarily?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Does this plea agreement contain all the promises or understandings that have led you to plead guilty?
>
> The Defendant: Yes, yes.
>
> The Magistrate Judge: Is there anything in the plea agreement, anything anybody has promised you to get you to plead guilty which is not in the written plea agreement?
>
> The Defendant: No.

The Magistrate Judge ensured that Segura-Rodriguez knew that at sentencing the district judge was not bound by the sentencing recommendation in the plea agreement (Change of Plea Hearing at 16 - 17, Doc. 131):

> The Magistrate Judge: I'm going to go through the plea agreement for Mr. Segura, but I want to tell . . . you that whether you have a plea agreement with the Government or not, at sentencing, the Judge will listen to both the prosecution and to you and your attorney and decide a reasonable sentence. But the Judge doesn't have to follow any recommendation about your sentence, even if it's in a plea agreement, and the

> Judge has the total authority to impose whatever sentence the Judge thinks is the right sentence. Do you understand that?
>
> The Defendant: Okay.
>
> The Magistrate Judge: So, if the Judge doesn't give you a sentence that you hoped for, you can't change your mind about pleading guilty. Do you understand that?
>
> The Defendant: Yes.

The Magistrate Judge also ensured that Segura-Rodriguez knew that the district court calculates the sentence under the sentencing guidelines (Change of Plea Hearing at 41, Doc. 131):

> The Magistrate Judge: The Judge also has to apply the sentencing guidelines. We don't know what the guidelines will be yet, that won't happen till sentencing. Have you and your attorney talked about how the guidelines might apply?
>
> The Defendant: Yes.
>
> The Magistrate Judge: Once the Judge determines how the guidelines will apply and rules on any objections to the guidelines, the Judge has the authority to impose a harsher sentence than called for in the guidelines or a less harsh sentence. Do you understand that?
>
> The Defendant: Yes.

A valid appeal waiver precludes an ineffective assistance of counsel challenge to the sentence. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."), *cert. denied*, 546 U.S. 902 (2005). Segura-Rodriguez cannot circumvent

the appeal waiver provision by disguising his challenge as a claim of ineffective assistance of counsel. "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342. As a consequence, Segura-Rodriguez waived his right to challenge the calculation of his sentence, even under the guise of ineffective assistance of counsel.

**Precluded by the Appeal Waiver**

Segura-Rodriguez's sole ground challenges the calculation of his sentence. Segura-Rodriguez alleges that defense counsel failed to ensure that the district court knew about all of his "substantial assistance." The appeal waiver precludes this ground even though disguised as a claim of ineffective assistance of counsel.

Segura-Rodriguez was advised when he changed his plea that moving for a reduction of sentence under §5K1.1 was solely within the government's discretion based on his substantial assistance. (Change of Plea Hearing at 18 - 19, Doc. 131):

> The Magistrate Judge: You also agree to cooperate with the government and testify in any proceeding and the government agrees to consider whether that cooperation is important enough to be called substantial assistance under the guidelines. If you provide substantial assistance, the government says it will file a motion with the court that could get you a lower sentence. However, the government may not file the motion for substantial assistance, it just depends on whether the government thinks you provided substantial assistance. Do you understand that?
>
> Defendant Segura-Rodriguez-Rodriguez: Yes.

> The Magistrate Judge: If the government doesn't file the motion, you can't appeal that in any way or challenge it. Do you understand that?
>
> Defendant Segura-Rodriguez-Rodroguez: Okay.
>
> The Magistrate Judge: And even though you may -- even though the government may file the motion for substantial assistance, the court has the authority to grant it or deny it. Do you understand that?
>
> Defendant Segura-Rodriguez-Rodriguez: Yes.

The sentencing calculus produced an offense level 39 and a criminal history I. On the morning of sentencing the United States moved for a reduction of sentence under §5K1.1, requested a reduction of two levels, and explained the extent of Segura-Rodriguez's assistance. (Sentencing Hearing at 31 - 32, Doc. 133) Defense counsel provided further facts about Segura-Rodriguez's assistance and argued for a reduction of four levels. (Sentencing Hearing at 32 - 35, Doc. 133) The United States explained the reason for requesting a reduction of two levels. (Sentencing Hearing at 35 - 36, Doc. 133) The district court granted the motion under §5K1.1 and reduced the sentencing range from an offense level 39 (262 - 327 sentencing range) to 37 (210 - 262 sentencing range). Defense counsel argued for mitigation of sentence under § 3553(a) and requested a low-end sentence of 210 months. (Sentencing Hearing at 37 - 38, Doc. 133) When afforded an opportunity to express his views, Segura-Rodriguez offered no objection to counsel's representations about the extent of the substantial assistance. (Sentencing Hearing at 39, Doc. 133) Before pronouncing

sentence, the district court discussed how a leader of a criminal conspiracy, such as Segura-Rodriguez, who has no criminal history could receive a disparately lower sentence than a low level conspirator would receive who has a criminal history. "I think that if we looked at his actual criminal history, his personal biography that is, and his association with people that he's associated with, he would qualify for so many forms of enhancement that he would clearly be looking at some sort of life sentence." (Sentencing Hearing at 41, Doc. 133) The district court opined that the facts in this case warrant a sentence at the top of the guidelines range, however, Segura-Rodriguez's cooperation justified a mid-range sentence. (Sentencing Hearing at 43, Doc. 133) Segura-Rodriguez received two sentence reductions based on his cooperation. Segura-Rodriguez's substantial assistance reduced his sentence (1) from the level 39 top-range of 327 months to the level 37 top-range of 262 months and (2) to the level 37 mid-range of 236 months. As a consequence, Segura-Rodriguez's substantial assistance provided a total reduction of 91 months, more than seven years.

Segura-Rodriguez contends that counsel failed "to do enough" to advise the district court about the extent of his cooperation. In his declaration (Doc. 9) supporting the amended motion to vacate, Segura-Rodriguez discloses more specifics about his meetings with agents during his de-briefings.[2] What Segura-Rodriguez misunderstands is that the quality, and not the quantity, of the information

---

[2] Because of these specifics, the declaration must be removed and filed under seal.

determines the value of the substantial assistance.  In support of the §5K1.1 motion both the United States and defense counsel discussed the quality of the information. Segura-Rodriguez's challenge to the calculation of his sentence, even under the guise that counsel was ineffective for not "doing enough," is waived under the terms of the plea agreement.  Even if not waived, Segura-Rodriguez fails to meet his burden under *Strickland* to prove both deficient performance and prejudice.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 12) is **DENIED**.  The clerk must remove Segura-Rodriguez's declaration (Doc. 9) from the public file and file the paper under seal.  The clerk must enter a judgment against Segura-Rodriguez and close this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Segura-Rodriguez is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Segura-Rodriguez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because

Segura-Rodriguez fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Segura-Rodriguez is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Segura-Rodriguez must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 30, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE